

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00006-CV

## EX PARTE L.G.

_____

## From the 169th District Court
## Bell County, Texas
## Trial Court No. 272-744-C

_____

## MEMORANDUM OPINION

_____

Appellant filed a motion for expunction of TDCJ-ID disciplinary records in the 169th Judicial District Court of Bell County. The Bell County district court dismissed the motion for lack of jurisdiction to expunge such records in an order signed on November 7, 2014. Appellant then purported to appeal that order as if it had been issued by the 85th Judicial District Court of Brazos County, which is within our territorial jurisdiction.

Because this Court lacks jurisdiction of an appeal from a district court in Bell County, which is within the territorial jurisdiction of the Third Court of Appeals, the Clerk of this Court notified Appellant that this appeal was subject to dismissal for lack

of jurisdiction unless Appellant showed grounds for continuing the appeal. *See* TEX. GOV'T. CODE ANN. §§ 22.220(a), 22.201(g, k) (West Supp. 2014).

Appellant has responded that we have jurisdiction because the underlying matter accrued at a TDCJ-ID unit in Brazos County and that Civil Practice and Remedies Code § 15.019 provides for jurisdiction (it actually provides for venue) in Brazos County for inmate litigation that accrued at the TDCJ-ID facility in Brazos County. These arguments do not give us territorial jurisdiction of an appeal from a Bell County case, and Appellant cannot self-correct his apparent venue error on appeal. We dismiss this appeal for lack of jurisdiction.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing.[1] TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); s*ee also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51.208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

REX D. DAVIS
Justice

---

[1] Appellant sought to proceed as an indigent party, but he did not file an indigence affidavit.

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins

Appeal dismissed
Opinion delivered and filed February 12, 2015
[CV06]

